**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Lyle Modesty,** ) | **CASE NO. 1:09 CV 1581** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Michael Shockley, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

This matter is before the Court upon defendant City of Cleveland's Motion to Dismiss (Doc. 22) and upon plaintiff's Request for Additional Time to Respond to Defendant's Expanded Remarks Re: the Defense's Motion to Dismiss (Doc. 25).[1] This is a civil rights dispute. For the

---

[1] Plaintiff's motion asks for additional time to respond to defendant's "expanded motion to dismiss." Plaintiff is referring to defendant's reply to plaintiff's opposition. Thus, plaintiff's motion is more properly construed as a motion for leave to file a sur-reply by February 28, 2010. This Court grants leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply. *Elliot Co. v. Liberty Mutual Ins. Co.,* 239 F.R.D. 479 (N.D. Ohio 2006). *See also Aslani v. Sparrow Health Systems,* 2009 WL 3711602 (W.D. Mich. Nov. 3, 2009) (citations omitted) ("Sur-replies are permitted only in rare cases where a movant improperly raises new arguments in a reply."). Defendant's reply does not raise new issues or arguments. Thus, a sur-reply is not warranted. Plaintiff's motion

1

reasons that follow, defendant's motion is GRANTED and plaintiff's motion is DENIED.

**FACTS**

Plaintiff, Lyle Modesty, brings this action against defendants, the City of Cleveland and John Doe police officers, alleging that he was arrested without probable cause in violation of the Fourth Amendment. The facts of this case were set forth in detail in the Court's August 12, 2009 order, and only the facts relevant to this motion are repeated here. Plaintiff alleges that he was arrested without a warrant or probable cause during the execution of an administrative search warrant at his home on March 9, 2009. He alleges that police officers entered his home, drew their guns, threatened to shoot him, placed him in handcuffs, and put him in a patrol car. Plaintiff alleges the officers took him to St. Vincent Charity Hospital and escorted him into the psychiatric unit, where he was searched. Plaintiff further alleges that he was detained for a few hours, briefly questioned by two doctors, and had a blood sample taken. Plaintiff was then permitted to leave the hospital.

The second amended complaint contains one claim for relief for violation of plaintiff's Fourth Amendment rights, as the other claims were dismissed by the Court's August 12, 2009 order.

Defendant City of Cleveland (hereinafter "defendant") now moves to dismiss the claim against it. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true

---

is denied.

and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

## ANALYSIS

A plaintiff may bring a claim under 42 U.S.C. § 1983 for a deprivation "of any rights, privileges, or immunities secured by the Constitution and laws" as a result "of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983; *Doe v. Claiborne,* 103 F.3d 495, 505 (6th Cir. 1996). A municipality cannot be found liable for deprivation of a constitutional right unless a plaintiff can establish that an officially executed policy or the toleration of a custom within the municipality deprived the plaintiff of that right. *Monell v. Dept. of Soc. Servs*., 436 U.S. 658, 690-91 (1978). A "custom" must be "so permanent and well-settled as to constitute a custom or usage with the force of law" such that it is a "deeply

3

embedded traditional way[] of carrying out state policy." *Monell,* 436 U.S. at 691; *Nashville, Chattanooga & St. Louis Ry. Co. v. Browning,* 310 U.S. 362, 269 (1940).  A custom must "reflect a course of action deliberately chosen from among various alternatives," and in essence be "a legal institution not memorialized by written law." *City of Oklahoma v. Tuttle,* 471 U.S. 808, 823 (1985); *Claiborne,* 103 F.3d at 508.  A plaintiff suing a municipality for a constitutional violation under § 1983 must allege that the municipality's policy or custom caused the alleged injury.  *Monell,* 436 U.S. at 690-691; *Claiborne,* 103 F.3d at 507.

Defendant argues that plaintiff fails to identify any unconstitutional policy or custom that was the driving force behind a violation of plaintiff's constitutional rights.  Defendant further argues that to the extent plaintiff alleges any facts pertaining to defendant's policies or customs, such facts pertain to the illegal search and procedural due process claims that the Court has already dismissed.

Plaintiff argues that the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) is inapplicable to his case as it is neither an antitrust case nor a discrimination case, and that to hold him to such a standard would "enhance" the requirements of Federal Rule of Civil Procedure 8(a).  Plaintiff also reiterates the facts in his complaint.

Defendant argues in reply that the Sixth Circuit has adopted the *Twombly/Iqbal* standard of review on a motion to dismiss in Fourth Amendment cases, and in support cites to *Streater v. Cox,* 336 Fed. Appx. 470, 474 (6th Cir. 2009) (citing *Twombly* and *Erickson v. Pardus,* 551 U.S. 89 (2007) as the standard for a Fed. R. Civ. P. 12(c) motion in a Fourth Amendment violation case).  Defendant also states that it does not at this time contest whether plaintiff has stated a

claim against the police officers who arrested plaintiff, but instead argues that plaintiff has not pled sufficient facts to state a claim for municipal liability for a Fourth Amendment violation.

Upon review, the Court finds that plaintiff fails to state a claim for a Fourth Amendment violation as to defendant City of Cleveland. As an initial matter, the standard of review for a motion to dismiss is settled in the Sixth Circuit. Although Fed. R. Civ. P. 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief, and specific facts are not necessary, the "nonmoving party must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and citing *Erickson v. Pardus,* 551 U.S. 89 (2007)).

Plaintiff quotes at length authority that relies upon the rule articulated in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. This rule, however, was characterized by the Supreme Court in *Twombly* as a rule "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly,* 550 U.S. at 563. *See Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (same).

Construing the complaint broadly in plaintiff's favor, and taking all allegations as true, plaintiff does not connect a municipal policy or custom to an injury sustained as a result of his allegedly unconstitutional arrest. Plaintiff does make some bare allegations regarding municipal policies. Plaintiff alleges in connection with Count III of the Second Amended Complaint,

5

which he specifically labels as a Fifth Amendment claim, that "defendants denied the plaintiff procedural due process by designing a process to circumvent both the criminal law process and the civil laws of the city of Cleveland, the state of Ohio, and the United States government." (Second Amended Complaint (hereinafter "Cmplt." at 60.)  Plaintiff also alleges that his "Fifth Amendment rights were not protected nor considered under the City of Cleveland's administrative search scheme, for the following reasons:  1) The City of Cleveland's administrative search scheme, by its design, and by its structure, is insufficient to ensure its citizenry [sic] from unreasonable and unconstitutional searches or from unreasonable and unconstitutional seizures of their homes and or property, or of person."  (*Id.* at 61.)  Finally, plaintiff claims that "[t]here is no reasonable policy, nor any appropriate recourses for insuring the civil rights of those victimized by ruthless bureaucrats, unconstitutional seizures and or unconstitutional searches of their homes within the vague, capricious, and fundamentally unconstitutional schedule of 'administrative searches,' conducted by the Building and Housing Department, of the City of Cleveland."  (*Id.* at 63).

Along with specifically labeling the above allegations as a due process claim, plaintiff also states in Count III that he "was never afforded the opportunity to be heard prior to the search of my home, the seizure of my home, the seizure of my belongings, and or the seizure of my person."  (*Id.* at 62.)  Plaintiff additionally asserts that the seizures and searches of his home, person, and personal possessions were without notice, warrant, or hearing, and that "the city of Cleveland is conducting criminal searches, while not providing the necessary protections that due process require."  (*Id.* at 63.)

Thus, the minimal allegations that plaintiff does make regarding municipal policy are

6

directed toward plaintiff's due process claim, which has been dismissed. Further, plaintiff does not allege that any policy or custom of defendant has deprived plaintiff of his Fourth Amendment right to be free from arrest without probable cause. Accordingly, defendant's motion is granted.

## **CONCLUSION**

For the reasons set forth above, defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/9/10